In the Matter of the Compensation of
William Patterson, Claimant.

**PATTERSON,**
*Petitioner,*

*v.*

**STATE ACCIDENT INSURANCE FUND
CORPORATION,**
*Respondent.*

(80-00133; CA A25743)

680 P2d 712

John Silk, Jerome F. Bischoff, and Bischoff & Strooband, P.C., Eugene, appeared for petitioner.

Donna M. Parton, Associate Appellate Counsel and Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, appeared for respondent.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

This case is here on remand from the Supreme Court for reconsideration in the light of *McGarrah v. SAIF,* 296 Or 145, 675 P2d 159 (1983). *Patterson v. SAIF,* 296 Or 235, 673 P2d 178 (1983). We initially affirmed the Workers' Compensation Board's order denying compensability. We again affirm the Board's order.

Claimant was employed as a bus driver for a school district from 1978 until October, 1979. In October, 1979, he suffered an anxiety attack manifested by shortness of breath, chest pains and nausea. All of the physicians who examined claimant agree that he has no physical disability but suffers from psychiatric aliments indicated by hypochondria, anxiety and depression. Claimant identified several instances of criticism by his supervisor which he considered unwarranted, but he described these incidents as "relatively minor." He contends that his disability first manifested itself on October 25, 1979, and is compensable as an injury or an occupational disease. He asserts that the precipitating event of October 25, 1979, was on-the-job stress that produced his anxiety attack and his present disability.

In October, 1979, claimant discovered that his operator's license had expired. His supervisor told him he would have to be relicensed and retrained and would not be paid until he was properly licensed. While claimant was taking a driving test, he experienced the symptoms later identified as the anxiety attack. Claimant argues that, whether the October 25, 1979, event is characterized as an injury or the cause of an occupational disease it was a work condition that constituted the major contributing cause of his disability.

The confrontation between claimant and his supervisor could well be objective work stress. *McGarrah v. SAIF, supra.* However, claimant focused on the stress of taking a driving test as the principal cause of his disability, and he testified that the criticisms from his supervisor were relatively minor events. There was no medical evidence that identified any on-the-job stress as the major contributing cause of claimant's disability.

Affirmed.